IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Johnie Norman, Jr., ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:09cv131 (LO/IDD) |
| ) | |
| Gene M. Johnson, ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Johnie Norman, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the County of New Kent, Virginia, for possession of cocaine with the intent to distribute, driving with a suspended license, and felony elusion. Norman raises two ineffective assistance of counsel claims: (1) failure to aggressively defend the petitioner; and (2) failure to communicate effectively with the petitioner. On July 6, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Norman was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. For the reasons that follow, Norman's claims must be dismissed.

I. Background

On May 22, 2005, Petitioner was arrested after a high speed chase on Interstate 64. (Trial Tr. 11-13, March 6, 2006.) When he arrived at the jail, an officer observed a bag of cocaine fall from Petitioner's shoe when a guard removed the shoe from Petitioner's foot. Id. The officer also recovered $348 in cash from Petitioner's person. Id. at 42. According to expert testimony, the total weight of the drugs recovered was inconsistent with personal use. Id. at 78. Petitioner disputed the

allegation that the drugs fell from his shoe, but the trial court nonetheless found him guilty of possession of cocaine with the intent to distribute, driving with a suspended license, and felony elusion. By order dated May 1, 2006, Petitioner was sentenced to 20 years with 15 years suspended for the possession charge, five years for the elusion charge, and six months for driving with a suspended license.

Petitioner pursued an appeal to the Virginia Court of Appeals, contending that (1) the evidence used to convict him was insufficient; (2) the trial court erred by denying his motion to strike concerning a break in the chain of custody; and (3) the trial court erred by sentencing him in excess of the sentencing guidelines. The Court of Appeals denied the petition for appeal on December 22, 2006. Norman v. Commonwealth, R. No. 1235-06-2. On May 17, 2007, the Supreme Court of Virginia refused Norman's petition for appeal. Norman v. Commonwealth, R. No. 070129.

Norman filed a habeas corpus petition in the Circuit Court of New Kent County, claiming (1) ineffective assistance of counsel; (2) failure to maintain custody of evidence and abuse in sentencing Norman outside of guidelines; and (3) abuse of authority and biased testimony of the trooper. The court dismissed the petition on June 17, 2008. Norman v. Johnson, Case No. 08-39. Norman appealed to the Supreme Court of Virginia, which refused the appeal on January 6, 2009. Norman v. Johnson, R. No. 081389.

On February 9, 2009, Norman filed the instant federal habeas petition. By order dated May 4, 2009, this Court dismissed all but two of Norman's claims on the grounds of procedural default. The two claims that remain to be addressed by this Court are:

1. Ineffective assistance of counsel in that counsel failed to communicate effectively with Norman; and

2

    2.    Ineffective assistance of counsel in that counsel failed to subpoena Robinson's car passenger as a witness.

On July 6, 2009, Respondent filed a Motion to Dismiss Norman's claims and a Rule 5 Answer to Complaint. On July 22, Norman filed an Objection and Response to the Motion to Dismiss. Based on the pleadings and record before this Court, it is uncontested that Norman exhausted these two claims in the state forum, as required by § 2254. Accordingly, this matter is now ripe for review.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's decisions are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

### III. Merits

With respect to ineffective assistance of counsel claims, Petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984) (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998). With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the trial outcome, the petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

In Claim 1, Norman alleges that counsel was ineffective for failing to communicate effectively with him. In Claim 2, Norman alleges that counsel was ineffective in failing to subpoena

4

his car passenger as a witness. The circuit court, relying on Strickland, rejected these claims on the merits. Norman v. Johnson, Case No. 08-39. The circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal. See Ylst, 501 U.S. at 803. The dismissal of these claims was not contrary to, or an unreasonable application of, clearly established federal law.

With respect to Claim 1, Norman has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the outcome of the trial would have been different. In his petition, Norman makes no specific allegations of counsel error; he merely states that the outcome of the trial would "have been much different." Such conclusory allegations do not warrant habeas corpus relief. Furthermore, Normal fails to establish that had counsel spent more time with him or carried a smaller case load, there is a reasonable probability of a different outcome at trial. Thus, the state court's rejection of this argument was not contrary to, or an unreasonable application of, Strickland, and was not based on an unreasonable determination of facts. Therefore, Claim 1 fails.

With respect to Claim 2, the state court noted that Norman has failed to provide statements asserting what purportedly helpful information the passenger would have provided if called at trial, or that the passenger would have testified at all. Furthermore, Norman stated at trial that there were no other witnesses he wished to have present in court. (Trial Tr. 7:23, March 6, 2006.) Consequently, the state court dismissed this claim, citing Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990), (noting that the appellant could not establish ineffective assistance of counsel on the basis of a general claim that counsel should have called additional witnesses, and that the appellant should have advised the court regarding what additional witnesses might have said if called). Because this holding is not contrary to, or an unreasonable application of, clearly established

federal law. Claim 2 fails as well.

## IV.

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 14th day of September 2009.

/s/
Liam O'Grady
United States District Judge
United States District Judge

Alexandria, Virginia